WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—January, 1888.

MATTER OF RUSER.

*In the matter of the application for probate of the will of* CHARLES RUSER, *deceased.*

A lost will cannot be admitted to probate upon a stipulation of counsel agreeing as to its contents, though due execution be established.

Under Code Civ. Pro., §§ 1865, 2621,—requiring the provisions of a lost or destroyed will to be "clearly and distinctly proved by at least two credible witnesses,"—each of the witnesses must be able to testify to all of the disposing parts of the will; it does not suffice to prove some provisions by two or more witnesses and the remainder by others.

The evidence of a witness who is shown not to have read the entire will, or otherwise to know all its contents, is valueless.

THIS was an application made by Wilhelmina Abel, widow of Charles Ruser, deceased, who had since remarried, to prove the will of the deceased, which was lost.  The alleged testator died about 1876.  The subscribing witnesses testified to its due execution, and the evidence showed that it was in existence at the time of his death, and was since lost.

P. L. McClellan, Esq., drew the will, which was a short one, but he could not remember the contents, further than that the whole estate was given to the wife absolutely, or for life with remainder to his children ; he could not say which, but thought it was absolutely.  Louis A. Rich testified that he saw the will, but did not read the whole of it.  These questions were put to him, and the following were his answers thereto : " Q. State, as well as you can, the substance of this will ?  A. I don't recollect.  Q. You can state some parts of it which you saw ?  A. I think it said he left the property to his wife, or something to that effect.  Q. You don't know the full contents of the will ?  A. No, sir."  Jacob Kaiser, a brother-in-law of the deceased, testified that he saw the will after Ruser's death.  He did not read the whole of it, but only so far as to see that the estate was given to the wife for life.  William L. Hertzel testified that, in a conversation with deceased about his will, the deceased

said he had left all his property to his wife for life, and at her death it was to go to the children.

JOSEPH S. WOOD, *for proponent.*

CHARLES F. IRWIN, *for Charles Ruser, next of kin.*

THE SURROGATE.—This court has power to admit to probate a lost or destroyed will, but it cannot exercise such power unless "its provisions are clearly and distinctly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness" (Code, §§ 1865, 2621). In this case, the execution of the will, and its existence since the death of the alleged testator, have been sufficiently established, and the only question for consideration is, whether the contents have been proven in such a manner as to satisfy the requirements of the statute. That the rule is strict and technical furnishes no reason for relaxing it. It was enacted for a wise purpose. If it may be departed from at all, it would throw open the door to much abuse and lead to great injustice in many cases.

Where no correct copy or draft, duly verified to be such, is produced, then the provisions of the will must be clearly and distinctly proven by each of two or more credible witnesses. It will not suffice to prove one provision by two or more witnesses, and another provision, in the same way, by others; but each of the witnesses must be able to testify to all of the disposing parts of the will. Nor can the proven declaration of its contents by the testator be regarded as of any weight in establishing the will. It was so held in the case of Collyer v. Collyer (4 *Dem.*, 53).

None of the witnesses, who saw the will in this instance, are able to state clearly and distinctly its provisions.    Mr. McClellan, a careful lawyer, who drew the will, says it either gave the whole estate to the wife absolutely, or it gave it to her for life with remainder to his children, he cannot say which, but, he thinks, the former.    This lacks the elements of clearness and distinctness which the statute exacts, and, therefore, he will not answer the purpose of one of the two requisite witnesses.    Two other witnesses, who saw the will, testified that they did not read the whole of it.    One says he read far enough to see that the deceased left the property to his wife, or something to that effect, while the other says he read it only so far as to see that the estate was given to the wife for life.

Aside from any consideration of the statute, it would be impossible, from this testimony, to determine with any degree of accuracy, what were the provisions of the will ; whether it gave the estate to the widow absolutely, or for life or widowhood, and then to the children in equal shares.    But as neither of these witnesses read the whole will, or otherwise knew all its provisions, their testimony is of no appreciable value ; and as the statute does not provide that the declarations of the testator shall be received as an element in the evidence necessary, or competent, to establish a lost will, such evidence must be disregarded.

A stipulation, signed by counsel for the respective parties, is presented, by which, among other things, it was agreed that all of the estate was devised and bequeathed to the widow for life, with remainder to his

children.   In regard to this, it is sufficient to say that a lost will cannot be admitted to probate upon the agreement of counsel.   If it could, then, by a like agreement, an existing will could be so admitted without the examination of any witnesses whatever.   This court must be controlled, in its action, by the evidence the statute requires.

For these reasons, probate of the alleged will is refused.